Estate of Mabel Cochran, Deceased, Sidney Elmer Cochran and Donald Robert Cochran, Executors v. Commissioner. Joseph E. Cochran v. Commissioner.
Estate of Mabel Cochran v. Commissioner
Docket Nos. 26266, 26267.
United States Tax Court
1951 Tax Ct. Memo LEXIS 161; 10 T.C.M. (CCH) 675; T.C.M. (RIA) 51219; July 12, 1951
*161 Upon the basis of the facts presented, held, that the members of the Cochran family did not intend to join together as partners with either of the two daughters of the petitioner, Joseph E. Cochran, and the decedent, Mabel Cochran, in the present conduct of the automobile dealership business, either when the partnership was formed in 1937 or at any other time during the years 1942, 1943 and 1944. Eli Freed, Esq., 1069 Mills Bldg., San Francisco, Calif., and Emmett Gebauer, Esq., for the petitioners. Charles W. Nyquist, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion These cases were consolidated for hearing and decision. The respondent determined deficiencies in petitioners' income and victory tax for 1943 and income tax for 1944 as follows: Docket
No.
Year
Deficiency
26266
1943
Estate of Mabel Cochran
$ 9,468.67
1944
8,005.14
26267
1943
Joseph E. Cochran
10,078.72
1944
8,619.36
Computation of the deficiencies for 1943 involves income for both 1942 and 1943 because of the Current Tax Payment Act of 1943. The issue presented for decision is as follows: Did the respondent err *162 in including in the gross income of Joseph E. Cochran and the decedent, Mabel Cochran, the distributive shares of income of the partnership, Cochran & Celli, attributable to the partnership interests of the Cochran daughters, Bernice Cochran Johnson and Winifred Cochran Irwin? Findings of Fact Part of the facts were stipulated and they are so found. The two petitioners herein are the Estate of Mabel Cochran, deceased, Sidney Elmer Cochran and Donald Robert Cochran, Executors, and Joseph E. Cochran, an individual. The petitioner, Joseph E. Cochran, resides in the State of California, as did the decedent, Mabel Cochran. The decedent, Mabel Cochran, her husband, Joseph E. Cochran, and their daughters, Bernice Cochran Johnson and Winifred Cochran Irwin, each filed individual Federal income tax returns for each of the calendar years 1943 and 1944 with the collector of internal revenue for the first district of California. On the returns they reported gross income, income from the partnership of Cochran & Celli, net income and income tax due in the amounts shown in the following schedule: 1943
Gross
Income from
Net
Tax
Income
Partnership
Income
Due
Joseph E. Cochran
$20,777.36
$20,777.36
$19,756.31
$8,822.06
Mabel Cochran
15,977.36
15,977.36
15,325.13
6,701.60
Bernice C. Johnson
16,912.12
14,202.09
16,638.60
5,584.98
Winifred C. Irwin
15,910.30
14,202.09
15,605.32
5,481.02
1944
Joseph E. Cochran
$20,370.77
$20,370.77
$19,832.73
$7,467.23
Mabel Cochran
15,570.77
15,570.77
15,039.85
4,949.93
Bernice C. Johnson
16,259.16
13,840.71
15,759.16
4,839.58
Winifred C. Irwin
15,551.95
13,840.70
15,051.95
4,955.98
*163 The "Tax Due" in the above schedule for the year 1943 includes the unforgiven part of the 1942 tax. The "Income from Partnership" for the year 1944 includes a small amount of capital gain ($318.30 or less) in each case. For a number of years prior to 1938, the petitioner, Joseph E. Cochran, and one Bernardo Celli, Sr., owned and operated as copartners a Chevrolet automobile dealership in Oakland, California, under the firm name of "Cochran & Celli". In 1937 the two adult sons of the Cellis, Lloyd and Bernardo, Jr., were employed in the business, as was Sidney Cochran, the adult Cochran son. The Cellis had no other children, but in the Cochran family, besides Sidney, there were two adult daughters, Bernice and Winifred, and a minor son, Donald, who was approximately 17 years of age at that time (1937). In order to perpetuate the Chevrolet franchise in their families and to interest their sons in staying in the business, the two partners decided in 1937 to take their sons into the business as copartners. Under the new partnership agreement, dated January 1, 1938, not only the sons, but also Mabel Cochran, the wife of Joseph E. Cochran, Anna Celli, the wife of Bernardo Celli, *164 Sr., and the Cochran daughters, Bernice and Winifred, were to be copartners in the business. The two Cochran daughters were included because their father felt morally obligated to give them as much as he gave his sons. There was also an understanding among the families that Donald Cochran was to become a partner when he reached his majority. Under the new partnership agreement no additional capital was at any time invested in the business by any of the copartners. The source of the capital investments of the new copartners, who were members of the Cochran family, were withdrawals from the Joseph E. Cochran investment account. Such transfers were at all times treated by Joseph E. Cochran as gifts of interest in the business and in making them he took advantage of the community property laws of the State of California by first crediting his wife's new investment account with a substantial part of the withdrawal from his account, and then spreading out over a period of years the transfers to the Cochran children of portions of his own and his wife's investments in the business, so that he and his wife filed gift tax returns for the year 1937 only and reported no gift tax due. When Donald *165 Cochran was brought into the business as a copartner in 1941, his capital investment account was similarly set up as a result of transfers of capital from the accounts of his parents, brother and sisters in accordance with a verbal understanding existing at the time Sidney, Bernice and Winifred acquired their interests in the business. The withdrawals from the Joseph E. Cochran investment account, the credits to his wife's new investment account, the crediting of new investment accounts of the Cochran daughters, Bernice and Winifred, and their signing of the partnership agreement all took place within the months of November and December 1937, and were all component parts of a single plan to make all members of the Cochran family copartners in the business. The new partnership was managed by the two original partners, assisted by their sons. The Cochran daughters neither shared in the management or control of the new partnership, nor did they render any services to the business. In 1942, 1943 and 1944 both daughters made regular withdrawals of money from the accumulated profits of the partnership credited to their accounts. There was no bona fide intent on the part of the copartners *166 of Cochran & Celli and the two Cochran daughters, Bernice and Winifred, either when the partnership was formed or at any other time during the taxable years 1942, 1943 and 1944, that the two Cochran daughters were to be joined with members of the existing partnership of Cochran & Celli for the purpose of carrying on business as a partnership. Bernice Cochran Johnson and Winifred Cochran Irwin were not valid partners for income tax purposes in the business of Cochran & Celli during the years 1942, 1943 and 1944. Opinion HILL, Judge: The sole issue presented for decision herein is whether the respondent erred by including in petitioners' gross income the distributive shares of income of the partnership, Cochran & Celli, attributable to the partnership interests of the two Cochran daughters, Bernice and Winifred. This issue raises a question of fact whether there was a bona fide intent on the part of the partners in the business known as Cochran & Celli and the two Cochran daughters that the two Cochran daughters really and truly were to be joined as partners in the business. . The burden of proof in this respect rests upon the *167 petitioners under Rule 32 of the Rules of Practice. The evidence presented by the petitioners shows that in the years 1942, 1943 and 1944 the Cochran daughters, Bernice and Winifred, each withdrew for their own personal use profits from the business of Cochran & Celli. On the other hand the evidence also showed that neither of them performed any services for the new partnership and their testimony failed to establish the fact that they had any voice in the management and control of the business. Furthermore, their investments of capital in the business did not originate with them but with their parents. Petitioner Joseph E. Cochran testified that the reason he made his daughters partners in the business was to afford them treatment equal to that he had shown his sons. While his motive was commendable, the fact remains the evidence fails to show the existence of any business purpose for bringing either of the two daughters into the partnership or that there was a bona fide intent that the two daughters be joined as partners in the business in question. From a consideration of the entire record, we believe and held that petitioners have failed to meet the burden of proving the reality *168 of the partnership in so far as the Cochran daughters are concerned. Accordingly, we hold that the respondent did not err in including in petitioners' gross income for 1942, 1943 and 1944 the distributive shares of income of the partnership, Cochran & Celli, attributable to the alleged partnership interest of Bernice Cochran Johnson and Winifred Cochran Irwin. Decisions will be entered for the respondent.